In the Matter of Proving the Last Will and Testament of DORA HAHN, Deceased.— Decree of the Surrogate's Court of Queens county reversed upon the law and the facts, and a new trial granted before a jury in the Surrogate's Court, with costs to appellants to abide the event, upon the ground that the findings of the learned surrogate that the alleged will is genuine, that it was duly executed, that the decedent at the time of executing the same was in all respects competent to make a will and that she was not under restraint, are contrary to the evidence. Upon the record here we think the inference cannot be fairly drawn that decedent knowingly executed the alleged will, that its provisions were known to her, or that the alleged will was executed with the formalities required by statute.* (*Matter of Kenney*, 179 App. Div. 258.) Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

---

FOURTH DEPARTMENT, DECEMBER, 1923.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH LEWIS, Appellant.

*Crimes — manslaughter, first degree — conviction affirmed under Code of Criminal Procedure, § 542.*

Appeal from a judgment of the County Court of Erie county, rendered on the 20th day of December, 1922, convicting the defendant of manslaughter in the first degree.

Judgment of conviction affirmed, under the provisions of section 542 of the Code of Criminal Procedure. All concur, except Sears and Crouch, JJ., who dissent in a memorandum.

SEARS, J. (dissenting): The judgment is contrary to the law for the following reasons: 1. The trial court did not instruct the jury (except by reading a definition) as to what was necessary to be found to convict the defendant of the crime of manslaughter in the first degree. (*People v. Odell*, 230 N. Y. 481; *People v. Montesanto*, 236 id. 396.) 2. The trial court did not charge directly that a question of fact was involved as to whether there was an assault committed upon the deceased. 3. The trial court failed to charge that a conviction could not be based on the confessions of the defendant without additional proof that the crime charged had been committed. (Code Crim. Proc. § 395.) 4. The ruling that the statement of the deceased was competent as part of the *res gestæ* was erroneous. 5. The record shows the trial to have been lacking in the care, seriousness and dignity requisite for the due administration of justice. (See fols. 138, 220, 395, 396, 541, 640, 729.) Crouch, J., concurs.

---

PECKHAM CONSTRUCTION COMPANY, Respondent, *v.* HOISTING MACHINERY COMPANY, Appellant.— Appeal dismissed, without costs, upon stipulation filed.

---

* See Decedent Estate Law, § 21.— [REP.